CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 1 0 2006

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEALOFI SEAU, | ) |
|     Petitioner, | ) Civil Action No. 7:06CV00442 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| TERRY O'BRIEN, WARDEN, | ) By: Hon. Jackson L. Kiser |
|     Respondent. | ) Senior United States District Judge |

The petitioner, Lealofi Seau, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Seau alleges that his due process rights were violated at a disciplinary hearing held at United States Penitentiary - Lee on May 6, 2004. Based on the nature of Seau's allegations, this action is more appropriately construed as one under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[1] For the reasons that follow, I find that Seau has failed to state a claim upon which relief may be granted. Accordingly, I will dismiss the action pursuant to 28 U.S.C. § 1915A(b)(1).[2]

Background

On December 16, 2003, Seau received disciplinary sanctions for using narcotics. He was subsequently required to undergo a drug screening test on April 25, 2004. Seau was advised that he had two hours in which to provide a urine sample. When Seau failed to provide the requested

---

[1] Seau does not allege that the duration of prison sentence was in any way affected by the disciplinary hearing. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) (holding that challenges to the validity or duration of confinement are properly raised in a habeas petition); Muhammad v. Close, 540 U.S. 749, 754-755 (2004) (holding that the plaintiff's allegations regarding an improper disciplinary conviction failed to raise a cognizable claim for habeas relief, where the disciplinary conviction did not actually affect the duration of the plaintiff's sentence). While the United States Supreme Court has suggested that habeas relief may be available to challenge conditions of confinement when the conditions are so onerous as to render an inmate's custody illegal, Preiser, 411 U.S. at 499, such conditions are not alleged in this case. Thus, even if Seau's claim was analyzed under § 2241, it would still be subject to dismissal.

[2] Section 1915A(b)(1) provides that the court shall dismiss a civil action filed by an inmate as soon as practicable if the complaint fails to state a claim upon which relief may be granted.

sample within the two-hour period, he was charged with refusing to provide a urine sample. He was later convicted of the charge following a prison disciplinary hearing held on May 6, 2004. Seau received the following sanctions for the disciplinary conviction: (1) 60 days in segregation; (2) loss of visitation privileges for 24 months; and (3) non-contact visitation for 24 months.[3] Seau's attempts to appeal the disciplinary conviction were unsuccessful.

Seau executed the instant petition on July 18, 2006. Seau alleges that his due process rights were violated at the disciplinary hearing, because he was denied the opportunity to present documentary evidence which would have established that he has a history of urological problems that affect his ability to urinate. Seau seeks to have the conviction vacated.

## Discussion

In order to prevail on a due process claim, "inmates must first demonstrate that they were deprived of 'life, liberty, or property' by governmental action." Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997). A prison disciplinary action implicates a liberty interest requiring due process safeguards when the punishment imposed inflicts an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The determination of whether such an atypical and significant hardship exists is a question of law. Beverati, 120 F.3d at 503.

Having reviewed Seau's allegations, I conclude that he has failed to allege sufficient facts to establish that his placement in segregation for sixty days inflicted an atypical and significant hardship. See Id. at 504 (holding that the inmates' conditions of confinement in segregation "were

---

[3]The Disciplinary Hearing Officer Report explained that once Seau's visitation privileges were restored after the initial 24-month period, he would then be limited to non-contact visitation for 24 months.

2

not so atypical that exposure to them for six months imposed a significant hardship in relation to the ordinary incidents of prison life," where the inmates alleged that their cells were infested with vermin and smeared with urine; that no outside recreation was permitted; that there were no religious services available; and that food was served in considerably smaller portions). Likewise, Seau has not alleged sufficient facts to establish that his loss of visitation privileges imposed an atypical and significant hardship. See Bazzetta v. McGinnis, 430 F.3d 795, 802 (6th Cir. 2005) (holding that a regulation authorizing the Michigan Department of Corrections to permanently ban essentially all visitation for multiple substance abuse violations was not an atypical and significant hardship in relation to the ordinary incidents of prison life); Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (holding that a prisoner does not have a liberty interest in contact visitation). As a result, the challenged disciplinary action did not implicate a liberty interest requiring due process protections, and therefore, Seau has failed to state a due process claim.

For the reasons stated, this action must be dismissed for failure to state a claim upon which relief may be granted. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER:** This 10th day of August, 2006.

Senior United States District Judge